| JOSEPH R. MCMAHON, ET AL | * | NO. 2018-CA-0842 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| CITY OF NEW ORLEANS | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

<u>CONSOLIDATED WITH:</u>

**DARLENE WASHINGTON-WAPEGAN, CAROLYN BLACKMAN, JOSEPH E. ALVEREZ, AND CORINNE DUCRE**

**VERSUS**

**CITY OF NEW ORLEANS**

<u>CONSOLIDATED WITH:</u>

**DAVID C. JARRELL**

**VERSUS**

**CITY OF NEW ORLEANS**

<u>CONSOLIDATED WITH:</u>

**DAVID C. JARRELL**

**VERSUS**

**CITY OF NEW ORLEANS**

<u>CONSOLIDATED WITH:</u>

**DOUGLAS M. KLEEMAN AND GREGORY J. MCDONALD**

**VERSUS**

**CITY OF NEW ORLEANS**

<u>CONSOLIDATED WITH:</u>

NO. 2018-CA-0843

<u>CONSOLIDATED WITH:</u>

NO. 2018-CA-0844

<u>CONSOLIDATED WITH:</u>

NO. 2018-CA-0845

<u>CONSOLIDATED WITH:</u>

NO. 2018-CA-0846

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2010-02196, DIVISION "E"
Honorable Melvin C. Zeno, Judge
* * * * * *
**JAMES F. MCKAY III
CHIEF JUDGE**
* * * * * *
(Court composed of Chief Judge James F. McKay III, Judge Paula A. Brown, Judge Dale N. Atkins)

**BROWN, J., CONCURS WITH REASONS
ATKINS, J., CONCURS FOR THE REASONS ASSIGNED BY J. BROWN**

ANTHONY S. MASKA
ATTORNEY AT LAW
P.O. Box 2606
Hammond, Louisiana 70404
-and-
JOSEPH R. MCMAHON III
2332 Severn Avenue
Metairie, Louisiana 70001
        COUNSEL FOR PLAINTIFFS/APPELLEES


MICHEAL L. FANTACI
DEBORAH A. VILLIO
JAMES C. RAFF
LEBLANC FANTACI VILLIO, LLC
3421 N. Causeway Blvd., Ste 201
Metairie, Louisiana 70002
-and-
SUNNI LEBEOUF
NEW ORLEANS CITY ATTORNEY
SHAWN LINDSAY
DEPUTY CITY ATTORNEY
1300 Perdido Street
Suite 5E03-City Hall
New Orleans, Louisiana 70112
        COUNSEL FOR DEFENDANT/PLAINTIFF


**AFFIRMED**


**SEPTEMBER 4, 2019**

In this class action litigation, the defendant, City of New Orleans, appeals the trial court's granting of a partial summary judgment in favor of Class Plaintiffs Subclass 1. The trial court ordered that that the City "shall immediately refund to the Class Plaintiffs Subclass 1 all ATES[1] ]fines and fees paid by the Class Plaintiffs Subclass 1 for ATES tickets issued for the period January 1, 2008, through November 3, 2010, in the amount of $25,612,690.32, together with judicial interest[.]"[2] We affirm.

**FACTS AND PROCEDURAL HISTORY**

In January of 2008, the City contracted with American Traffic Solutions, Inc., for the installation of traffic cameras at various locations throughout the City to capture images of vehicles that were speeding or violating intersectional red lights, or both. In connection with this contract, the City enacted and began enforcing Code of Ordinances of the City of New Orleans Chapter 154, Article XVII, Sections 154-1704, known as the Automated Traffic Enforcement System (ATES) ordinance.

---

[1] (Automated Traffic Enforcement System)
[2] The trial court declared that this was a final judgment pursuant to La. C.C.P. art. 1915.

On March 3, 2010, lead plaintiff, Joseph R. McMahon, III, filed the first class action lawsuit in Civil District Court challenging the ATES ordinances under local, state, and federal law. Several subsequent class action challenges were also filed. On October 8, 2010, Mr. McMahon filed his first amended class action petition against the City, which included a challenge to the Department of Public Works' (DPW) illegal enforcement, administration and fine collection of the ATES as ruled by Judge Paulette Irons in *Washington-Wagepan, et al v. City of New Orleans*, CDC No. 2010-9732.[3]

The City Council passed an amendment to ATES on November 4, 2010, placing enforcement and administration of ATES sections 174-1701 through 154-1704 under the New Orleans Police Department (NOPD). The trial court, plaintiffs, and the City jointly agreed to consolidate several class action lawsuits under the caption of the instant case, and on March 23, 2012, the plaintiffs filed a "Master Petition" in the *ad hoc* division of Civil District Court.

The City filed a motion for summary judgment on all claims on July 31, 2012. The trial court heard oral arguments on the City's motion for summary judgment on August 15, 2012, but requested supplemental briefing on several issues. On October 10, 2012, the trial court issued a judgment in favor of the City and dismissed all of the plaintiffs' claims. The plaintiffs timely appealed this judgment.

On December 18, 2013, this Court reversed that judgment in part and remanded the matter to the trial court. *McMahon v. City of New Orleans*,

[3] On October 1, 2010, Judge Irons issued a *per curiam* opinion, granting the plaintiffs' preliminary injunction against the ATES, from which the City took an emergency writ to this Court. On October 7, 2010, this Court, in *Washington v. City of New Orleans*, 2010-C-1399 (La.App. 4 Cir. 10/7/10), sustained the trial court's preliminary injunction in favor the plaintiffs, holding that the City had no authority to place the enforcement and administration of the ATES, a traffic ordinance, under the DPW.

*unpublished* 2013-0771 (La.App. 4 Cir. 12/18/13). This Court found that the plaintiffs had a vested right to seek relief from the DPW's unlawful enforcement of ATES. Id. On July 9, 2015, following several amendments to the Master Petition, the trial court granted class certification to the plaintiffs. On February 8, 2017, the trial court signed an order accepting the definition of two subclasses in the case.

On September 11, 2017, the plaintiffs filed a motion for partial summary judgment on behalf of Subclass 1, which the trial court granted from the bench on November 15, 2017. After discussions with opposing counsel, on December 4, 2017, the plaintiffs moved to amend the language of the judgment to bring conformity under Louisiana law with a money judgment. On February 21, 2018, the trial court amended the language of the partial summary judgment to include an actual dollar amount ($25,612,690.32), and ordered that the City return this amount to those who had paid ATES fines between January 1, 2008 and November 3, 2010. It is from this judgment that the City has taken the instant suspensive appeal.

**DISCUSSION**

On appeal, the City raises the following assignment of error: the district court erred in granting plaintiffs' motion for partial summary judgment, finding the entire ATES Ordinance to have been null *ab initio*, and ordering the return of all fines collected under the City's ATES Ordinance from January 1, 2008 until November 3, 2010.

Appellate courts review the grant or denial of summary judgments *de novo*. *Smitko v. Gulf South Shrimp, Inc.*, 2011-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

3

any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.  La. C.C.P. art. 966; *Smitko*, *supra.*

In the instant case, the plaintiffs introduced three exhibits during the hearing on their partial summary judgment: (1) a copy of the original ATES ordinance in effect until November 4, 2010; (2) a nine-page *in globo* excerpt from the City's published 2012 annual budget containing the cover pages, index and "Statement of Revenues" pages that contained the total ATES fees and fines collected by the City for 2008, 2009, and 2010; and (3) requests for admissions to the City along with its responses admitting both the validity of the City's amounts of ATES fees and fines collected in 2008, 2009, and 2010, and verifying that the original ATES contained provisions that it was to be administered by the DPW until the ATES was amended on November 4, 2010.

The plaintiffs' three exhibits were properly admitted under La. C.C. art. 966(A)(4) and the City failed to raise any written objection to these documents in its opposition memorandum, as required by La. C.C. art. 966(D)(2).

The plaintiffs proved that Subclass 1 was entitled to a reimbursement of all ATES fees and fines paid for camera tickets issued prior to November 4, 2010, and proved the amount owed.  The trial court stated that "before that date of November 4, 2010, an invalid ordinance was in effect.  I consider it, since it was invalid that it had no force and effect and that any money collected under that original ordinance must be returned."  The trial court's ruling that ATES was void *ab initio* until November 4, 2010 is also supported by this Court's decision in *Washington-Wagepan, et al v. City of New Orleans*.[4]  This Court found no error in the trial court's determination that the home rule charter provided no authority for the City

---

[4] 2010-C-1399 (La.App. 4 Cir. 10/7/10)

4

to place the enforcement and adjudication of traffic camera violations under the auspices of the DPW.

A home rule charter government like the City, under Article 6 of the Louisiana Constitution of 1974, enjoys the freedom and flexibility to manage its own local affairs without undue legislative influence. *Miller v. Oubre*, 96-2022, p. 9 (La. 10/15/96), 682 So.2d 231, 236 (citing *Kean, Local Government and Home Rule*, 21 Loy.L.Rev. 63, 66 (1975). Under Article 6, the state is supreme on state-wide concerns, but it allows a home rule government to exercise any necessary power or function except as may be expressly limited by its charter and the general laws, or as may be inconsistent with other provisions of the constitution. Id. The power of a home rule government within its jurisdiction is as broad as that of the state, except when limited by the constitution, laws permitted by the constitution, or its home rule charter. *Francis v. Morial*, 455 So.2d 1168, 1171 (La. 1984). The City must pass ordinances in conformity with its home rule charter. Id. The City's charter, Section 4-501, mandates that the NOPD shall enforce traffic regulations, while Section 154-51(b)(1) under "Traffic bureau – Establishment, duties," provides that a traffic bureau within the NOPD shall be responsible for "Enforcing the street traffic regulations of the city…" Section 154-58, entitled "Power, authority of police and fire department officials," further provides that the NOPD shall keep a record of all traffic violations issued within the City.

It has long been the law in Louisiana that an unlawful ordinance is in reality no law and in legal contemplation is as inoperative as if it had never been passed. *Vieux Carre Property Owners and Associates, Inc. v. City of New Orleans*, 167 So.2d 367, 371 (La. 1964); *Archer v. City of Shreveport*, 77 So.2d 517, 518 (La. 1955); *City of New Orleans v. Levy*, 64 So.2d 798, 802 (La. 1953). Louisiana

5

jurisprudence is replete with decisions striking municipal and parish ordinances as unlawful, and therefore being considered as null and void and/or inoperative. In *Tardo v. Lafourche Parish Council*, 476 So.2d 997, 999 (La.App. 1 Cir. 1985), the First Circuit upheld a trial court's finding that an ordinance (adopted by the Lafourche Parish Council after the budget without the approval of the Parish President) was invalid because it violated the Parish of Lafourche's home rule charter mandates. In Schmitt v. City of New Orleans, 461 So.2d 574, 577-78 (La.App. 4 Cir. 1984), this Court affirmed the trial court's determination that several zoning ordinances passed by the City of New Orleans were null and void as they violated the City's home rule charter. In *Lafayette City Gov. v. Lafayette Mun. Bd.*, 01-1460 (La.App. 3 Cir. 5/8/02), 816 So.2d 977, the Third Circuit affirmed the trial court's granting of a preliminary injunction after determining that the Lafayette Municipal Fire & Police Civil Service Board's passage of a civil service rule concerning annual vacation and leave for policemen, which conflicted with its prior agreement with the Lafayette City Government concerning the specifics of said rule, violated the Lafayette City Government's home rule charter.

The ATES is a traffic regulation. The City's attempt to have the DPW enforce a traffic regulation like the ATES was patently violative of the City's home rule charter. Because the DPW had no authority under the City's home rule charter to administer, adjudicate, and enforce the original ATES regulation, the original ATES ordinance was unlawful, invalid, and null and void *ab initio,* and was "in reality no law and in legal contemplation is as if had never been passed." *Vieux Carre Property Owners and Associates, Inc.,* 167 So.2d at 371.

6

**CONCLUSION**

Because the ATES was an invalid ordinance, without effect, until it was placed under the NOPD on November 4, 2010, the trial court correctly ruled for the immediate return of the $25,612,690.32 in ATES fees and fines collected from tickets issued to Subclass1 prior to that date. Because the ordinance was invalid, no one in Subclass 1 ever owed any of those ATES fine payments to the City. Accordingly, we affirm the trial court's granting of the partial summary judgment in favor of the plaintiffs.

**AFFIRMED**